### WILLIAM H. WILKINS vs. JOHN H. BURTON.

That a letter, written by the plaintiff to A. C. making propositions evidently relating to transactions of B. C. there being no such person known as A. C. is admissible to the Jury as evidence against the plaintiff, of facts therein recited.

That a deed, conveying all the grantor's right to certain premises, acquired by the levy of certain executions, conveys no more, than the grantor acquired by such levy.

That, if such levy be for an undivided half, possesson taken under such deed or levy will be considered, *prima facie* as possession of half only, and that for the benefit of the other owners.

That one tenant in common cannot maintain trespass *quare clausum fregit* against his co-tenant in common, while such tenancy continues.

That there may be a tenancy in common of an inchoate as well as of an absolute title

This was an action of trespass *quare clausum fregit*, tried in the County Court upon the general issue, and brought up to this Court upon a very long Bill of exceptions, many parts in which will be sufficiently understood by the argument of counsel and the opinion of the Court, without a particular recital here. The plaintiff relied upon proving about twelve or thirteen years possession in himself of the premises, upon which the defendant entered, and upon proving the entry of the defendant at a pair of bars from the road, with timber for a barn, and erecting a barn there. And such proof he furnished. The defendant relied upon showing himself entitled as tenant in common

FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.

with the plaintiff. For this purpose he introduced the records of sundry judgements, executions, and levies of the same, in favor of several creditors of one Nathaniel Burton, who formerly owned the farm, which took the whole farm, each creditor levying upon an undivided portion of the whole farm. These were objected to as irregular, and they were admitted to be irregular to convey title, but were admitted in evidence to be followed with proof, that the plaintiff and defendant both held under them, and were thus tenants in common. Two of these judgements &c. were in favor of Tappan and Sewall, and one was in favor of Ebenezer Wiswall. The defendant produced a deed from Wiswall to himself dated July 2d. 1830, which the plaintiff contended was void by reason of his own adverse possession. And he produced the record of an action of account still pending in favor of said Wiswall against the plaintiff, with evidence of the plaintiff's resisting a recovery in said suit. The defendant then produced a certified copy of a deed from Tappan and Sewall to one Nehemiah W. Kingman, conveying their title under said levies to him; and, also, produced a letter from the plaintiff directed to *Joseph Wiswall*, tending to show, that the plaintiff held under Kingman, or under Tappan and Sewall, and proposing arrangement about a division of their common interest in the premises; together with evidence that there was no person of the name of Joseph Wiswall, that ever had any connection with these transactions. These several matters were objected to by the plaintiff, but admitted by the Court. There was a verdict for the defendant; and exceptions were taken by the plaintiff to the above decisions, and to the charge to the Jury upon the same.

*Argument for the plaintiff.*—1st. The plaintiff in this case contends, that, having shown an uninterrupted possession of the premises from the year 1818, up to the commencement of this action 1830, he can maintain an action of trespass against any intruder, except the rightful owner.

2d. It is contended, that the Court erred in admitting as evidence to the Jury the files and record of a suit, judgment and execution, and levy in favour of Ebenezer Wiswall against Nathaniel Burton, and also in favour of Tap-

FRANKLIN,
January,
1833.

Wilkins
*vs.*
Burton.

pan and Sewall against said Burton, in as much as the several levies are wholly defective.

3d. The deed from Tappan and Sewall ought not to have been admitted in evidence to the jury.

1st. Because it did not appear at the trial, that Kingman had any knowledge of said deed, had ever received it, or caused it to be recorded; and, if said deed was executed and recorded without the knowledge or consent of Kingman; it could have no effect upon the legal rights of Kingman, or upon the rights of his tenants.

2d. The levy of Tappan and Sewall being void, the deed conveyed nothing, and no evidence was offered tending to prove, that Kingman took possession of the premises by virtue of said deed, or even claimed title through, or under, said Tappan and Sewall.

4th. The Court erred in admitting a writing purporting to be a letter from the plaintiff to Joseph Wiswall, to go as evidence to the jury.—1st. Because the defendant did not show that it was ever directed or sent to Ebenezer Wiswall; and no evidence was offered to show that it was ever in his possession.—Evidence of this sort was necessary inasmuch as the whole appearance of the original (which it is the duty of the Court to inspect) affords no presumption, that the letter was ever delivered to, or received by, said Wiswall.—2d. The letter from Wilkins to Wiswall (supposing it to have been intended for Ebenezer Wiswall) dated February 11th 1824, was not legal evidence to rebut the testimony offered by the plaintiff to show, that, in 1830 when Wiswall deeded to the defendant, the plaintiff held adverse; because the evidence offered by the plaintiff was the acts and declarations of the plaintiff's four years subsequent to the date of the letter in question. And, if the showing of the plaintiff legally tended to prove, that he held adverse to Wiswall in 1830, then nothing said or done by the plaintiff from four years previous could qualify the character of the acts shown on his part. Suppose that in 1824 the plaintiff admitted the right of Wiswall, does it follow, that, at no time subsequent, the plaintiff could do and say that, which in law and fact would amount to an ouster—a refusal by one tenant in common to admit the other to enter is an ouster. If one tenant forbids entry

Franklin,
January,
1833.

Wilkins
vs.
Burton.

and says *you must get it by law if you can*—(this is an ouster,—1 Mass. R. 228, 332 ; Cowper, 219.—Now in 1828 ; the plaintiff says and does all that amounts in law to an ouster of Wiswall.   It is asked again how do his declarations, made four years before, qualify, or give character to, that, which the law says amounts in itself to an ouster.

The propriety of admitting this in evidence cannot be made to depend upon the sufficiency or insufficiency of the showing of the Plaintiff as to his holding adverse to Wiswall when he deeded to Burton the defendant.   The Jury were to decide upon the sufficiency of the evidence offered; and, if they have found, that the showing of the plaintiff on this point, independant of any other evidence, was sufficient to show, that he held adverse—then, surely, this either was wholly inadmissible on the ground, that although Wilkins might at a former period have admitted the right of Wiswall, not knowing but his levies were good and valid against Burton, still he was at liberty at any time subsequent, on being informed, that they were void, to resist the claim of Wiswall and hold adverse.   The plaintiff was not under any legal necessity of showing, that such person as Joseph Wiswall existed in order to exclude the letter, it being a well settled principle, that every writing shall be construed according to the plain common import of the words thereof.

The Court erred in deciding, that the letter was intended for Ebenezer Wiswall and directed to Joseph Wiswall by mistake.   If it be a question of *law* whether a letter is written or directed to the proper individual, then no doubt the Court are the proper tribunal to decide that question. But, if it be matter of fact, then it should be left to the Jury.

The plaintiff contends, that the Court erred in charging the Jury, that Wiswall and Tappan and Sewall became, between themselves, *tenants in common by means of their said levies.*   If the levies were so far good as to divest Nathaniel Burton of the property embraced in said levies, and, consequently, to vest the title in Wiswall and Tappan and Sewall, then no doubt the charge of the Court in this particular was right

But if, as is contended by the plaintiff, the levies were to

Wilkius
vs.
Burton.

all intents and purposes void, so that nothing passed by virtue of them from Nathaniel Burton to Wiswall and Tappan and Sewall, then it cannot be true, that Wiswall and Tappan and Sewall became *tenants in common, by means of their levies.*

Tenants in common are such as hold by several and distinct titles, but by unity of possession, 1 Chitt. Blackstone, 136; 3 Bac. Abr. 188. Now, to suppose, that two or more persons can be tenants in common without *any title to the land* or *thing claimed,* is a proposition absurd on the face of it;—and no authority can be found to support such possessions, 9 John. Rep. 270.

And if said levies were absolutely void, and Tappan and Sewall and Wiswall went jointly into the possession of the premises, (which was not the case) they could not have been tenants in common because they would have been *dissiezors;* and *dissiezors* cannot sustain that relation to each other, 3 Bac. Abr. 190, 202, 203; Salk. 423. From which authorities it seems, that disseizors may be joint tenants, but it is clear that they cannot be tenants in common.—But in this case the defendant does not claim, that Wiswall and Tappan and Sewall were joint tenants, well knowing that there never was that unity of time, title, interest, and possession, which is indispensable to constitute a joint tenancy.

6th. The Court again erred in charging the Jury, that " the legal presumption was that, if the plaintiff entered and held possession under the title acquired by Tappan and Sewall through their levies aforesaid, he also took and held such possession for the benefit of Wiswall; or at least, that his possession was not intended to be hostile and adverse to the right of Wiswall." Now on the supposition, that the levies were good and valid, there is no such legal presumption. If, as the Jury have found, the plaintiff entered into possession under the title, which Kingman derived from Tappan and Sewall, and that title purported, as it did on the face of it, to convey all the interest in the land described in said deed, there the law presumes, that the plaintiff entered into possession as sole owner of the whole, and not for the benefit of Wiswall or any other person. 13, John. Rep. 406.

FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.

But on the supposition, that the levies are void, then, surely, there is no legal presumption, that the plaintiff took and held possession for the benefit of Wiswall.

If the plaintiff took possession without title, he was liable any moment to be sued by N. Burton! Burrows 114, Atkins case.

7. Among the evidence offered by the plaintiff to show, that he held adverse to Wiswall in 1830, was a writ and the proceedings and pleading thereon in favor of Wiswall against Wilkins, which writ was entered at the County Court in April 1828; in which Wiswall declared against Wilkins in an action of account alleging that Wilkins was a tenant in common with him of the premises whereon the barn has since been erected. Wilkins plead, that he was not his Bailiff and receiver, issue had been joined on said plea, and two trials and two verdicts of Jury in favor of Wilkins had been had, before the deed from Wiswall to Burton. The foregoing is the evidence which the Court charged the Jury was not of much weight, to prove that Wilkins in 1830, at the time Wiswall deeded to Burton, was resisting the title of Wiswall, and holding adverse.— By the foregoing evidence, it appears, that Wilkins not only denied a tenancy in common with Wiswall, but put this denial on record ; and not only so but he defended successfully against the only ground, on which Wiswall relied for a recovery to wit, that he was a tenant in common. If the evidence legally tended to prove the fact, that Wilkins was holding adverse to Wiswall, then the Court should have left it for the Jury to weigh, without instructing them " that it was not entitled to much weight."

*Argument of Defendant's Counsel.*—The *levies* of the execution adverted to, although defective and void, as against said Burton, were properly admitted by the Court, to show, that whatever interest was acquired by Burtons creditors, under the levies aforesaid, was a common interest.

They were by virtue of *said levies* constituted tenants in common of the premises, and, as between themselves, one cannot insist on any defects in the levies as against the other.—*Wiswall* vs. *Wilkins,* decided Jan. Term, 1831 in

11

FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.

this County; Chip. Rep. 369, *Bush* vs. *Whitney*; 13 Mass. Rep. 529; 6 Con. Rep. 165, *Lee et al* vs. *Hinman.*

The point once established, that the several creditors of Nathaniel Burton are to be regarded as tenants in common of the land in question, all who derive title through them must be considered as sustaining the same relation. 3 Vt. R. 281, *Brooks* vs. *Chaplin* ; 15 John. Rep. 179.

Hence it follows, that, if the deed from Ebenezer Wiswall to defendant is a valid instrument, (on which we shall have occasion to remark hereafter) and the title of the plaintiff is derived from Tappan and Sewall, the plaintiffs and defendants must be considered tenants in common of the premises; and this action cannot be sustained.

2d. We will next consider, whether the deed from Wiswall was a valid instrument. This must be determined by an inspection of the deed itself, and the facts developed at the trial of the issue.

1st. Our ground of objection to this deed, taken and insisted on at the trial, was the pretended adverse possession of the plaintiff, at the time of its execution—and the plaintiff was permitted to introduce evidence for the purpose of establishing that fact.—John. Rep. 102, *Jadwin* vs. *Jay.*

Whether the plaintiff was, or was not in adverse possession of the premises, was a question of fact for the jury to find under the charge of the Court, and we insist, that that subject was properly submitted to the Jury; for the Court expressly charged them, " that, if upon the whole they should " find, that, at the date of said deed, the plaintiff was in " possession, claiming to hold the share or portion of Wis-" wall adversely to him and denying his title thereto, then " said deed to the defendant, was to be treated as void, " and the plaintiff was entitled to recover. And if they did " not find such adverse possession then said deed to take " effect and the defendant was entitled to their verdict" upon a previous supposition, that this deed, together with the other evidence in the case, made out a tenancy in common between the plaintiff and defendant. Hence we insist, that the finding by jury, settles the question, that the plaintiff was not in possession of the premises, claiming and holding the same adverse to the title of Wiswall at the

Franklin,
January,
1833.

Wilkins
vs.
Burton.

time that the deed was executed; unless, upon anothe point connected with this subject, the Court misdirected the Jury. Upon that point the Court instructed the jury " that the legal presumption was, that, if the plaintiff en- "tered and held possession, under the title acquired by " Tappan and Sewall, through their *levies* aforesaid, he al- " so took and held such possession for the benefit of Wis- " wall; or, at least, his possession was not intended to be "hostile and adverse to the right of Wiswall." When a person, being tenant in common with others of a piece of land, enters into possession, we understand the legal intendment to be, that he holds possession as well for his cotenants as for himself, and would be liable to his cotenants for their proportion of the rents and profits without any special agreement to account therefor, and that, in order to rebut that presumption, it does require, in the language of the Judge " strong and convincing evidence," 16 Mass. Rep. 1, *King* vs. *Goodwin*; 2 Blk. Com. 150; 17 Mass. Rep. 282; 1 East. 568, *Peaceable* vs. *Read* et al.

But again, upon this part of the case, the plaintiff pretends, that the Court improperly admitted a letter, written by the plaintiff, and purporting to be addressed to *Joseph Wiswall*, which the defendant offered to rebut the plaintiff's evidence of adverse possession.

Two objections have been made by the plaintiff to this document. 1st. That it was irrelevant. 2d. That it contained an offer of compromise. The first is overthrown by the whole tenor of the letter, for it was competent and highly proper for the defendant to introduce evidence to show the character of the plaintiffs possession. And the second objection cannot prevail, when we consider the amount of what was offered, which was the concessions and acknowledgements of the plaintiff, aside from and disconnected with, any offers of compromise; and the fact, that the same letter contained an offer of compromise, cannot interpose to shut out proper and material evidence incorporated in it.

One question only, upon this subject remains. Did the Court err in undertaking to decide that the letter in question was intended for Ebenezer Wiswall? This point it be-

FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.

came necessary for the Court to settle, and which was properly within their province before the evidence could go to the Jury, and they pronounced upon it from such evidence as they had before them ; and whether it was, or was not, sufficient to establish that point in the opinion of this Court, is now wholly immaterial. This Court will not undertake to judge over the heads of the court below on that subject.

3d. Was the title of the plaintiff derived from Tappan and Sewall? is the next point we propose to consider— and this question is to be determined by the admissibility in evidence of the deed from Tappan and Sewall to King-man ;—for if, by virtue of that deed, a tenancy in common was created between Kingman and Wiswall, the plaintiff holding under Kingman's, and Wiswall's deed to defendant, would constitute the plaintiff and defendant tenants in common of the premises in question. The principal objections to this deed, on which the plaintiff relies are first, to the form of its execution and secondly that it was insolvent.

1st. The deed was executed in the State of New York, and, if an acknowledgement was taken there, it is to be presumed, that it was taken agreeably to the laws of that state. If so, it is admissible in evidence in our Courts. 1 Vt. Rep. 336, *Middlebury College* vs. *Cheney.*

2d. It becomes necessary for the defendant, to introduce this evidence in order to connect the chain of title from Tappan and Sewall to the plaintiff, and to make out a tenancy in common, between plaintiff and defendant, and this clearly shows sufficiently its relevancy.

If this deed, then, was properly admitted in evidence, the question of Kingman being tenant in common with Wiswall, is set at rest by the finding of the Jury ; for it must have been solely on the ground, that the defendant had satisfactorily shown himself tenant in common with plaintiff that the Jury gave their verdict in his favor.

If then, as the jury must have found the fact, the plaintiff and defendant were tenants in common of the land in question ; they have each an equal right to the possession and, the one cannot sustain an action against another for an entry into the premises and using and occupying the same.

FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.

HUTCHINSON, C. J.—The breaking and entering the plaintiff's close, as proved on trial, was the bringing on timbers and erecting a barn on the premises in possession of the plaintiff. The questions, raised on the Bill of exceptions, allowed in the County Court, relate to the tenancy in common of the plaintiff and defendant. There is no intimation, that the defendants acts were inconsistent with this tenancy in common. No expressions proved or offered to be proved, tending to show, that he would wish to exclude the plaintiff from any part of the premises. It must be taken as an entry consistant with his claim of tenancy in common.

The levies of sundry executions were offered by the defendant, showing, that sundry creditors of Nathaniel Burton had this whole farm set off to them as tenants in common; and this to be followed with other testimony bringing down such tenancy in common to plaintiff and defendant. These were objected to but admitted. For various seasons, these levies are too defective to convey title from N. Burton to said creditors; but they were correctly admitted to show the character of the possession taken under these levies, which has probably grown into a perfect title. For it does not appear that Nathaniel Burton or any other creditors have ever interfered to hold against these levies. These levies gave, to each creditor, a seizin of an undivided interest through the whole farm; making their possession a tenancy in common. They might be tenants in common of an inchoate right, as well as one that is perfect. This has been decided in a suit before this Court, heretofore, which I suppose related to these same premises. The deed from Tappan and Sewall, two of these creditors, to Kingman was correctly admitted. This deed does not, as was contended by the plaintiff's counsel, convey the whole land, but only their interest in it. This deed so refers to the levies as to give it the same operation as if it, in terms, conveyed the undivided portion, described in the levy to them.

The letter from the plaintiff to Joseph Wiswall was correctly admitted as evidence, to show, that the plaintiff held under Tappan and Sewall. The object of the testimony was, to prove the fact by the concession of the plain-

FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.'

tiff. The subject matter of the letter tends to prove this fact. There appearing to be no such person as Joseph Wiswall, and the actual situation of Ebenezer Wiswall who was one of these levying creditors, calculated to invite such a letter, the jury might well infer that Ebenezer Wiswall was the person, to whom the letter was intended to be addressed, and the word Joseph written by mistake merely. More especially is this the case, when the letter is produced by Ebenezer Wiswall; or, what is the same, by the defendant, to make out his title under said Ebenezer Wiswall.

But the plaintiff's counsel contend, that the Court denied, that this letter was intended for Ebenezer Wiswall, and not Joseph; and did not leave that question to the jury. We do not so understand the exceptions upon this point. The testimony is stated, which tends to show, that Ebenezer was intended; then the case adds, the Court admitted the letter on the ground, that it was intended for Ebenezer Wiswall, and wrongly directed by mistake. Their meaning must have been, that there was sufficient testimony of that fact to go to the Jury with the letter. Just as when the execution of a note is disputed, it is not permitted to be read to the jury till the Court have heard evidence go to the jury, tending to prove the execution. Then the note is read.

This letter being admitted, and the defendant, having produced a deed from said Ebenezar to himself, dated in the year 1830, showing his right to hold as tenant in common of the whole premises, the plaintiff offered to show, that he held adverse to Wiswall's title, at the date of Wiswall's deed to the defendant. For this purpose he read the record of an action, before that time tried, in favor of said Wiswall against him the plaintiff, charging the plaintiff as Bailiff and receiver to said Wiswall of the rents and profits of the lands included in said several levies. Wilkins had plead, that he was never Bailiff and receiver and issue was joined, and two verdicts for him, (Wilkins,) the defendant, in that action. The charge of the Court upon this evidence is objected to. This evidence was left to the jury, for them to weigh, accompanied with the observation from the Court, that it was of very little weight upon the

present issue.  It is objected now, in argument, that this
was giving an opinion upon the weight of evidence.  We
do not practice giving our opinion to the jury upon the
weight of evidence; nor are we prepared to decide such a
proceeding to be error.  But surely it cannot be error in
this case, where the observation made by the judge was
strictly correct.  The issue, in that case, was not formed
upon the fact, whether Wiswall and Wilkins were tenants
in common; which would have been the proper fact to put
in issue, if the action was brought under our Statute, and
Wiswall relied upon his tenancy in common with Wilkins,
as a ground of recovery; but the issue was formed upon
the fact, whether the said Wilkins was Bailiff and receiver
of said Wiswall.  This might have been decided in favor
of Wilkins on the ground, that no rent and profits had
been received; or for want of some contract to bind him
as Bailiff and receiver to the said Wiswall.  This was so
very light testimony on the question of tenancy in com-
mon, or of adverse possession, raised in this action, it is
even doubtful, whether it was admissible at all, as evi-
dence upon such issue.  That being an action as Bailiff
and receiver, it must be taken to be a charge that the de-
fendant was so by appointment; and the question of ten-
ancy in common could not legally arise.   Will. Rep. 208,
*Wheeler* vs. *Horne.*

*Read*, for plaintiff.

*Hunt & Beardsley*, for defendant.